**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NINA "JAMES" DERKS, AVA HICKS, KAEDENCE LeFAY, RILEY ROBINSON, HAILEY "ATLAS" RUOFF, and LUCY WESTEMEYER, | ) | |
| Plaintiffs, | ) | Case No. |
| v. | ) | (Removed from Cleveland County District Court Case No. CJ-2026-864) |
| THE BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA, | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, the Board of Regents of the University of Oklahoma (University), respectfully submits this Notice of Removal of the referenced action from the District Court of Cleveland County, State of Oklahoma, to this Court. In support of removal, the University states the following:

**JURISDICTION**

1. General. Under 28 U.S.C. § 1331, this Court has original jurisdiction over this civil action. Under 28 U.S.C. § 1441, the action may be removed to this Court because Plaintiffs claim a violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. (Exhibit 1, Petition, ¶¶ 10, 72 to 82).

2. Identity of Defendant. The Board of Regents of the University of Oklahoma is the only defendant named in this action and is the proper name of the removing defendant. (Exhibit 1, Petition, caption and ¶ 8).

3. Federal Claim. Plaintiffs' Second Claim for Relief alleges discrimination on the basis of sex in violation of Title IX, 20 U.S.C. § 1681 et seq., and seeks damages, declaratory relief, injunctive relief, and an award of fees under 42 U.S.C. § 1988. (Exhibit 1, Petition, ¶¶ 72 to 82).

4. State Law Claims and Supplemental Jurisdiction. Plaintiffs also assert claims for negligence and for invasion of privacy under the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151 et seq. (Exhibit 1, Petition, ¶¶ 61 to 71 and 83 to 95). Those claims arise from the same case or controversy as the Title IX claim, and this Court has supplemental jurisdiction over them under 28 U.S.C. § 1367(a).

5. Consent to Removal. The Board of Regents is the only defendant named or served in this action, so the consent requirement of 28 U.S.C. § 1446(b)(2)(A) is not implicated.

6. Plaintiffs' Own Allegations. Plaintiffs plead that, should this action be removed, jurisdiction would be proper in this Court under 28 U.S.C. §§ 1331, 1343 and 1367, and that venue would remain proper under 28 U.S.C. § 1391(b). (Exhibit 1, Petition, ¶ 14).

7. Defenses Reserved. By removing this action, the University does not waive, and expressly reserves, every defense available to it, including the limitations on liability, the exemptions from liability and the notice and limitations requirements of the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151 et seq. The University hereby reserves and does not waive any right to assert, or the protection of, any available constitutional, statutory, common law, or other provision that does, might, or could limit

the Court's jurisdiction of the allegations of Plaintiff's Petition or any proposed amendment thereto, including allegations of entitlement to relief thereunder, including, but not limited to, Eleventh Amendment immunity and sovereign immunity. *See Neiberger v. Hawkins*, 70 F.Supp.2d 1177, 1187-88 (D. Colo. 1999). Nothing in this Notice is an admission of any allegation of the Petition or of liability on any claim. The consent to removal in no way waives the right to immunity from liability retained by the University of Oklahoma with regard to all claims. *Trant v. Oklahoma*, 754 F.3d 1158, 1172-73 (10th Cir. 2014); *see also Hall v. Oklahoma Dept. of Rehabilitation Services*, No. CIV-17-497, slip op. (W.D. Okla. Feb. 20, 2018).

## TIMELINESS OF REMOVAL

8. Plaintiffs filed their Petition in the District Court of Cleveland County, State of Oklahoma, on May 21, 2026. (Exhibit 1).

9. The University received a copy of the Petition and Summons on August 20, 2026, claiming for the first time a violation of Title IX, 20 U.S.C. § 1681 et seq. (Exhibit 2).

10. This Notice of Removal is filed within thirty days after that receipt and is therefore timely under 28 U.S.C. § 1446(b)(1).

## ATTACHMENTS

Pursuant to 28 U.S.C. § 1446(a) and LCvR81.2(a), all process, pleadings, and orders served upon the University in the state court action, along with a copy of the docket sheet, are attached hereto as Exhibits 1 through 5.

Exhibit 1 - Petition for Relief, filed May 21, 2026;

Exhibit 2 - Summons;

Exhibit 3 - Entry of Appearance of Dustin J. Hopson on behalf of Plaintiffs;

Exhibit 4 - Entry of Appearance of Amy S. Neathery on behalf of Plaintiffs; and

Exhibit 5 - Copy of the docket sheet.

Defendant, the Board of Regents of the University of Oklahoma, removes the State Court Action to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

/s/M. Daniel Weitman

M. Daniel Weitman, OBA #17412
Tina S. Ikpa, OBA #32193
Desiree D. Singer, OBA #33053
Office of Legal Counsel
UNIVERSITY OF OKLAHOMA
660 Parrington Oval, Suite 213
Norman, Oklahoma 73019
Telephone: (405) 325-4124
Facsimile: (405) 325-7681
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of September 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Dustin J. Hopson
Amy S. Neathery
Hopson Legal, LLC
210 Park Avenue, Suite 1810
Oklahoma City, OK 73102
*Attorneys for Plaintiffs*

/s/M. Daniel Weitman
M. Daniel Weitman